UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:21-cr-20011-COOKE

UNITED STATES OF AMERICA

vs.

DAVID TYLER HINES,

Defendant.

_____/

## PLEA AGREEMENT

The United States of America, by and through the Fraud Section of the Criminal Division of the Department of Justice and the United States Attorney's Office for the Southern District of Florida (hereinafter referred to as the "United States" or the "Offices") and David Tyler Hines, (hereinafter referred to as the "Defendant") enter into the following agreement:

1.     The defendant understands that he has the right to have the evidence and charges against him presented to a federal grand jury for determination of whether or not there is probable cause to believe he committed the offense with which he is charged.  Understanding the right, and after full and complete consultation with his counsel, the defendant agrees to waive his right to prosecution by Indictment, agrees to waive any challenges to the statute of limitations or venue, and agrees that the United States may proceed by way of an information filed pursuant to Rule 7 of the Federal Rules of Criminal Procedure.

2.     The defendant agrees to plead guilty to the sole count of the Information charging the defendant with a violation of Title 18, United States Code, Section 1343 (Wire Fraud). The Information charges that the defendant, in violation of Title 18, United States Code, Section 1343, did knowingly and willfully, and with the intent to defraud, devise and intend to devise, a scheme

1

and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing such pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing such scheme and artifice to defraud, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds. The defendant acknowledges that he has read all the charges against him contained in the Information and that those charges have been fully explained to him by his attorney.

3.      The defendant understands and acknowledges that, as to this count in Paragraph 2, the Court may impose a statutory maximum term of imprisonment of up to 20 years and a term of supervised release of up to 3 years. The defendant understands that the Court may impose a fine of up to $250,000. The defendant also understands that the court will impose a restitution order. Finally, the defendant understands that a special assessment of $100 will be imposed on the defendant that is payable at the time of sentencing.

4.      The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing

2

Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 2 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

5.      The Offices reserve the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon recommendation contained in this agreement, the Offices further reserve the right to make any recommendation as to the quality and quantity of punishment.

6.      The United States agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. The United States, however,

3

will not be required to make this motion and these recommendations if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after signing this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

7.      The Defendant admits and acknowledges that the following facts are true and that the United States could prove them at trial beyond a reasonable doubt:

a.      That the Defendant knowingly and willfully devised or intended to devise a scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, by means of an interstate wire communication, in violation of 18 U.S.C. § 1343.

b.      That the Defendant's participation in this conduct resulted in an actual or intended loss of $4,809,057.00.

c.      That the Defendant's participation in the scheme and artifice involved sophisticated means, that is, the falsification and submission of corporate and tax documents to meet the terms of a government loan program; and

d.      That the Defendant derived more than $1,000,000 in gross receipts from one or more financial institutions as a result of the offense.

8.      Based on the foregoing, the United States and the Defendant agree that, although not binding on Probation or the Court, they will jointly recommend that the Court impose a sentence within the advisory sentencing guideline range produced by application of the Sentencing

4

Guidelines. Although not binding on Probation or the Court, the United States and the Defendant further agree that, except as otherwise expressly contemplated in this agreement, they will jointly recommend that the Court neither depart upward nor depart downward under the Sentencing Guidelines when determining the advisory Sentencing Guidelines range in this case. Further, the United States and the Defendant agree, although not binding on Probation or the Court, that there are no factors or circumstances which would support or otherwise suggest the propriety of the Court's finding of any variance under Title 18, United States Code, Section 3553(a).

9.      The Defendant is aware that the sentence has not yet been determined by the Court. The Defendant also is aware that any estimate of the probable sentencing range or sentence that the Defendant may receive, whether that estimate comes from the Defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The Defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The Defendant understands and acknowledges, as previously acknowledged in paragraph 4 above, that the Defendant may not withdraw his/her plea based upon the Court's decision not to accept a sentencing recommendation made by the Defendant, this Office, or a recommendation made jointly by the Defendant and this Office.

10.      The United States and the Defendant agree that, although not binding on Probation or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

a.      Base Offense Level:  That the base offense level is seven (7), pursuant to Section 2B1.1(a)(1) of the Sentencing Guidelines.

b.     Loss:  That the Defendant's offense level shall be increased by eighteen (18) levels pursuant to Section 2B1.1(b)(1)(J) because the actual or intended loss is $4,809,057.00.

c.     Financial Institution:  That the Defendant's offense level be increased by two (2) levels pursuant to Section 2B1.1(b)(17)(A) because the Defendant derived more than $1,000,000 in gross receipts from one or more financial institutions as a result of the offense.

d.     Sophisticated Means:  That the Defendant's offense level shall be increased by two (2) levels pursuant to Section 2B1.1(10)(C) of the Sentencing Guidelines because the offense involved sophisticated means and the Defendant intentionally engaged in or caused the conduct constituting sophisticated means.

TOTAL OFFENSE LEVEL - UNADJUSTED:                                                    29

e.     Acceptance of Responsibility:        That the Defendant's offense level shall be decreased by three (3) levels pursuant to Sections 3E1.1(a) and (b) because the Defendant has clearly demonstrated acceptance of responsibility for his offense and assisted authorities in the investigation and prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty.

TOTAL OFFENSE LEVEL – ADJUSTED                                                    26

11.     The defendant acknowledges and understands that additional or different enhancements or guideline provisions might be applicable, and that neither the Court nor Probation are bound by the parties' joint recommendations.

12.     The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any property

constituting, or derived from, proceeds the person obtained directly or indirectly, as a result of the violation of 18 U.S.C. § 1343 to which the defendant is pleading guilty, pursuant to 18 U.S.C. § 982(A)(2)(A), as incorporated by 18 U.S.C. § 982(b)(2), and the provisions of 21 U.S.C. § 853. In addition, the defendant agrees to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p). The property subject to forfeiture includes, but is not limited to:

    a.  a forfeiture money judgment in the sum of $3,984,557 in U.S. currency, which sum represents the value of the property subject to forfeiture;

    b.  directly forfeitable property, including, but not limited to:

        i.  2020 LAMBORGHINI HURACÁN WITH VIN ZHWUF4ZF3LLA13255;

        ii.  ALL FUNDS HELD BY BANK OF AMERICA FORMERLY ON DEPOSIT IN ACCOUNT NUMBER 898077556016 HELD IN THE NAME OF CASH IN HOLDINGS LLC;

        iii.  ALL FUNDS HELD BY BANK OF AMERICA FORMERLY ON DEPOSIT IN ACCOUNT NUMBER 898096330857 HELD IN THE NAME OF UNIFIED RELOCATION SOLUTIONS, LLC;

        iv.  ALL FUNDS HELD BY BANK OF AMERICA FORMERLY ON DEPOSIT IN ACCOUNT NUMBER 898099756470 HELD IN THE NAME OF PROMASTER MOVERS, INC.; and

        v.  ALL FUNDS HELD BY BANK OF AMERICA FORMERLY ON DEPOSIT IN ACCOUNT NUMBER 898105927423 HELD IN THE NAME OF UNIFIED RELOCATION SOLUTIONS, LLC

13.    The defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the defendant agrees to waive: any applicable time limits for administrative or judicial

forfeiture proceedings, the requirements of Fed. Rs. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

14.     The defendant also agrees to fully and truthfully disclose the existence, nature and location of all assets in which the defendant has or had any direct or indirect financial interest or control, and any assets involved in the offense of conviction.  The defendant agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture.  This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

15.     In furtherance of the satisfaction of a forfeiture money judgment entered by the Court in this case, the defendant agrees to the following:

     a.   submit a financial statement to this Office upon request, within 14 calendar days from the request;

     b.   maintain any asset valued in excess of $10,000, and not sell, hide, waste, encumber, destroy, or otherwise devalue such asset without prior approval of the United States;

     c.   provide information about any transfer of an asset valued in excess of $10,000 since the commencement of the offense conduct in this case to date;

     d.   cooperate fully in the investigation and the identification of assets, including liquidating assets, meeting with representatives of the United States, and providing any documentation requested; and

     e.   notify, within 30 days, the Clerk of the Court for the Southern District of Florida

and this Office of: (i) any change of name, residence, or mailing address, and (ii) any material change in economic circumstances.

16.     The defendant further understands that providing false or incomplete information about assets, concealing assets, making materially false statements or representations, or making or using false writings or documents pertaining to assets, taking any action that would impede the forfeiture of assets, or failing to cooperate fully in the investigation and identification of assets may be used as a basis for: (i) separate prosecution, including, under 18 U.S.C. § 1001; or (ii) recommendation of a denial of a reduction for acceptance of responsibility pursuant to the United States Sentencing Guidelines § 3E1.1.

17.     The defendant acknowledges that because the offenses of conviction occurred after April 24, 1996, restitution is mandatory without regard to the defendant's ability to pay and that the Court must order the defendant to pay restitution for the full loss caused by his criminal conduct pursuant to Title 18, United States Code, Section 3663A. The parties acknowledge and understand that the government will recommend to the sentencing court that restitution be ordered jointly and severally as to all individuals convicted of violations arising from the underlying conduct.

18.     The Defendant is aware that Title 18, United States Code, Section 3742 affords the Defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this agreement, the Defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any forfeiture or restitution ordered, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or a variance from the guidelines range that the Court establishes at sentencing. The Defendant further understands that nothing in this agreement shall affect the right of the United States and/or its duty

9

to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the Defendant's sentence pursuant to Section 3742(b), the Defendant shall be released from the above waiver of appellate rights. By signing this agreement, the Defendant acknowledges that he has discussed the appeal waiver set forth in this agreement with his attorney. The Defendant further agrees, together with the United States, to request that the District Court enter a specific finding that the Defendant's waiver of his right to appeal the sentence to be imposed in this case was knowing and voluntary.

19.     For purposes of criminal prosecution, this Plea Agreement shall be binding and enforceable upon the Fraud Section of the Criminal Division of the United States Department of Justice and the United States Attorney's Office for the Southern District of Florida. The United States does not release defendant from any claims under Title 26, United States Code. Further, this Agreement in no way limits, binds, or otherwise affects the rights, powers or duties of any state or local law enforcement agency or any administrative or regulatory authority.

20.     The Defendant agrees that if he fails to comply with any of the provisions of this agreement, including the failure to tender such agreement to the Court, makes false or misleading statements before the Court or to any agents of the United States, commits any further crimes, or attempts to withdraw the plea (prior to or after pleading guilty to the charges identified in paragraph one (1) above), the Government will have the right to characterize such conduct as a breach of this agreement. In the event of such a breach: (a) the Government will be free from its obligations under the agreement and further may take whatever position it believes appropriate as to the sentence and the conditions of the Defendant's release (for example, should the Defendant commit any conduct after the date of this agreement that would form the basis for an increase in the Defendant's offense level or justify an upward departure – examples of which include but are not

limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer, or Court – the Government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); (b) the Defendant will not have the right to withdraw the guilty plea; (c) the Defendant shall be fully subject to criminal prosecution for any other crimes which he has committed or might commit, if any, including perjury and obstruction of justice; and (d) the Defendant waives any protections afforded by Section 1B1.8(a) of the Sentencing Guidelines, Rule 11 of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, and the Government will be free to use against the Defendant, directly and indirectly, in any criminal or civil proceeding any of the information, statements, and materials provided by him pursuant to this agreement, including offering into evidence or otherwise using the attached Agreed Factual Basis for Guilty Plea.

21. This is the entire agreement and understanding between the United States and the

Defendant. There are no other agreements, promises, representations or understandings.

 

DANIEL KAHN, ACTING CHIEF
U.S. DEPARTMENT OF JUSTICE
CRIMINAL DIVISION, FRAUD SECTION

Date: _2/8/21_   By: _____

EMILY SCRUGGS
TRIAL ATTORNEY
U.S. DEPARTMENT OF JUSTICE
CRIMINAL DIVISION, FRAUD SECTION

 

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

Date: _Feb. 8, 2021_   By: _____

MICHAEL N. BERGER
ASSISTANT UNITED STATES ATTORNEY

 

Date: _2/8/2021_   By: _____

DAVID TYLER HINES
DEFENDANT

Date: _February 8, 2021_   By: _____

ELIZABETH BLAIR
COUNSEL FOR DEFENDANT