**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-CR-20011-COOKE**

UNITED STATES OF AMERICA

v.

DAVID TYLER HINES,

      Defendant.

**PRELIMINARY ORDER OF FORFEITURE**

THIS MATTER is before the Court upon motion of the United States of America (the "United States") for entry of a Preliminary Order of Forfeiture ("Motion") against Defendant David Tyler Hines (the "Defendant"). The Court has considered the Motion, is otherwise advised in the premises, and finds as follows:

On January 8, 2021, the United States filed an Information charging the Defendant in Count 1 with wire fraud in violation of 18 U.S.C. § 1343, ECF No. 1. The Information also contained forfeiture allegations, which alleged that upon conviction of a violation of 18 U.S.C. § 1343, the Defendant shall forfeit any property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as the result of such violation. *See id.* at 4. The Information alleged that the property subject to forfeiture as a result of the alleged offense includes, but is not limited to (collectively, the "Property"):

    i. All funds held by Bank of America formerly on deposit in account number 898077556016 held in the name of Cash in Holdings LLC;

    ii. All funds held by Bank of America formerly on deposit in account number 898096330857 held in the name of Unified Relocation Solutions, LLC;

 iii. All funds held by Bank of America formerly on deposit in account number 898099756470 held in the name of Promaster Movers, Inc.;

 iv. All funds held by Bank of America formerly on deposit in account number 898105927423 held in the name of Unified Relocation Solutions LLC; and

 v. a 2020 Lamborghini Huracán with vin ZHWUF4ZF3LLA13255.

*See id.*

On February 10, 2021, the Court accepted the Defendant's guilty plea to Count 1 of the Information. *See* Minute Entry, ECF No. 38; Plea Agreement ¶ 2, ECF No. 40. As part of the guilty plea, the Defendant agreed to the forfeiture of the Property and a forfeiture money judgment in the amount of $3,984,557.00. Plea Agreement ¶ 12, ECF No. 40.

In support of the guilty plea, the Defendant executed a Factual Proffer, and the Court found that there was a factual basis to support the Defendant's conviction. *See* Factual Proffer, ECF No. 41. The Factual Proffer also provided a basis for the forfeiture of property. *See id.* at ¶7.

According to the Defendant's factual proffer, the Defendant applied for multiple Paycheck Protection Program ("PPP") loans to Bank A on behalf of his companies ("the Companies"). Factual Proffer at ¶ 6, ECF No. 41. In his PPP loan applications, the Defendant made a number of false and fraudulent representations. *Id.* According to Postal Inspector Masmela's attached declaration, based on those false and fraudulent representations, Bank A disbursed $3,984,557.00 to the Companies' accounts. Further, Inspector Masmela's declaration also described how PPP loans were used to fund and/or purchase the Property.

Based on the record in this case, the total value of the proceeds traceable to the offense of conviction is $3,984,557.00, which sum may be sought as a forfeiture money judgment pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

In addition, also based on the record in this case, the following specific property is directly

subject to forfeiture, pursuant to 18 U.S.C. § 982(a)(2)(A):

i. All funds held by Bank of America formerly on deposit in account number 898077556016 held in the name of Cash in Holdings LLC;

ii. All funds held by Bank of America formerly on deposit in account number 898096330857 held in the name of Unified Relocation Solutions, LLC;

iii. All funds held by Bank of America formerly on deposit in account number 898099756470 held in the name of Promaster Movers, Inc.;

iv. All funds held by Bank of America formerly on deposit in account number 898105927423 held in the name of Unified Relocation Solutions LLC; and

v. a 2020 Lamborghini Huracán with vin ZHWUF4ZF3LLA13255.

Accordingly, based on the foregoing, the evidence in the record, and for good cause shown, the Motion is **GRANTED**, and it is hereby **ORDERED** that:

1. Pursuant to 18 U.S.C. § 982(a)(2)(A) and Rule 32.2 of the Federal Rules of Criminal Procedure, a forfeiture money judgment in the amount of $3,984,557.00 is hereby entered against the Defendant.

2. Pursuant to 18 U.S.C. § 982(a)(2)(A), the following specific property is hereby forfeited and vested in the United States of America:

i. All funds held by Bank of America formerly on deposit in account number 898077556016 held in the name of Cash in Holdings LLC;

ii. All funds held by Bank of America formerly on deposit in account number 898096330857 held in the name of Unified Relocation Solutions, LLC;

iii. All funds held by Bank of America formerly on deposit in account number 898099756470 held in the name of Promaster Movers, Inc.;

iv. All funds held by Bank of America formerly on deposit in account number 898105927423 held in the name of Unified Relocation Solutions LLC; and

v. a 2020 Lamborghini Huracán with vin ZHWUF4ZF3LLA13255.

3. Any duly authorized law enforcement agency may seize and take possession of the forfeited property according to law.

4. The United States shall send and publish notice of the forfeiture in accordance with Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n).

5. The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

6. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to the Defendant.

7. The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend this Order, or enter other orders as necessary, to forfeit additional specific property when identified.

It is further **ORDERED** that upon adjudication of all third-party interests, if any, the Court will enter a final order of forfeiture as to the property in which all interests will be addressed. Upon notice from the United States that no claims have been filed within 60 days of the first day of publication or within 30 days of receipt of notice, whichever is earlier, then, pursuant to Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n)(7), this Order shall become a Final Order of Forfeiture and any duly authorized law enforcement agency shall dispose of the property in accordance with applicable law.

**DONE AND ORDERED** in Miami, Florida, this 1st day of March 2021.

_____
MARCIA G. COOKE
United States District Judge