UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-20011-CR-COOKE

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

DAVID TYLER HINES,

    Defendant.

_____/

## SENTENCING MEMORANDUM

David Tyler Hines, through undersigned counsel, respectfully submits this Sentencing Memorandum to the Court. In support of this memorandum, Mr. Hines states the following:

On February 10, 2021, Mr. Hines pled guilty to one count of Wire Fraud in violation of 18 U.S.C. § 1343. (D.E. 38). He is before the Court on May 12, 2021 for sentencing on this charge.

The plea agreement binds both parties to "recommend that the Court impose a sentence within the advisory guidelines range produced by application of the Sentencing Guidelines." (D.E. 40). We ask this Court to impose a sentence at the bottom of that range, which is more than sufficient to satisfy §3553(a)'s mandates.

Mr. Hines is before the Court acknowledging the gravity of his actions and accepting responsibility. He recognizes the negative life choices that lead him to this point, beginning with his addiction to drugs. Mr. Hines has struggled with a serious

drug problem all his life, but he has come to understand that his failure to tackle his addiction has caused immense pain and suffering to him and those who love him. Mr. Hines has begun the long road to recovery and has continually tested negative for narcotics throughout his time on pretrial release. A sentence at the low end of the advisory guideline range will achieve the purposes of sentencing while allowing Mr. Hines to continue his progress in taking the necessary steps to understand and overcome the temptations and addictions that led him to this point.

## Mr. Hines' Background and Childhood

David Hines grew up bouncing from family member to family member, never achieving stability or a sense of belonging. (*See* D.E. 53, Psychological Evaluation by Dr. Heather Holmes, filed under seal). This resulted in Mr. Hines switching schools, constantly moving, and having a very difficult time making friends. David never had any real stability. Each "home" he experienced was troubling in its own way: observing domestic violence and drug addiction with his mother, watching his father use drugs and experience cocaine-induced paranoia, and living as a lonely outsider with his uncle. *Id.* School was not a stabilizing force in David's life; he began to skip class as a freshman in high school. He went from gifted classes in elementary school to failing his freshman year in high school. Eventually, he left school in the ninth grade. No one seemed to notice.

## Mr. Hines' History of Drug Abuse

When he was a teenager, David's father gave him his first rock of crack cocaine. Like David, his father's life was defined by a serious drug addiction. David's first introduction to the drug that would lead him on the road to addiction was the result of a tragic attempt at bonding with his largely absent father. (*See* D.E. 53, Psychological Evaluation by Dr. Heather Holmes, filed under seal). From that moment on, his life has been controlled by his addiction and withdrawal to various narcotics. As a teenager, he would use cocaine to wake up, and take Xanax to sleep. *Id.* In 2017, when paramedics treated him after a multiple-day drug binge, during which he believed he would die, Mr. Hines stopped using cocaine. However, he simply shifted from cocaine to Adderall. For the last decade, David cannot recall a day he was sober prior to being arrested on this case.

Mr. Hines' prior contacts with law enforcement were fueled by his addiction. He was under the influence of drugs, alcohol, or both during each and every arrest. Mr. Hines showed the classic signs of someone who had lost control of his life to addiction during these arrests. For example, during one arrest officers saw him "screaming and standing in the middle of a road" until officers ask him to leave, and then "shouting profanities" until being arrested. Officers noted that Mr. Hines smelled of alcohol during the incident. (PSI ¶ 94).

Similarly, in early 2020 Mr. Hines pled guilty to escape and was sentenced to a withhold of adjudication after exiting a police vehicle, falling to the ground, becoming unresponsive, and eventually experiencing a minor seizure. (PSI ¶ 81). Mr.

Hines' memory of these events are hazy.

Mr. Hines does not seek to use his addiction as an excuse. Rather, he hopes that it sheds some light on the circumstances that led to his actions in 2020. He is committed to sobriety, and becoming a better husband, father, and son.

## Comparative Cases

Undersigned counsel has attempted to gather information regarding the sentences imposed upon others charged with fraud relating to PPP loans. Many cases are still pending sentencing, but the below information details sentences given to other defendants who have pled guilty to PPP-related fraud.[1]

*United States v. Jackson,* 20-CR-112-MJN, Southern District of Ohio
Ms. Jackson pled guilty to two counts of scheme to defraud the United States in violation of 18 U.S.C. § 1343 and one count of false statement within the jurisdiction of an agency of the United States in violation of 18 U.S.C. § 1001(a)(2). (D.E. 27). Her loss amount was 2.3 million dollars, and her advisory guideline range was 51 to 67 months. (D.E. 31). She was sentenced to 24 months imprisonment. (D.E. 39).

*United States v. Hayford*, 20-CR-00088-CVE, Northern District of Oklahoma
Mr. Hayford pled guilty to one count of bank fraud in violation of 18 U.S.C. § 1344 and one count of false statements to a financial institution in violation of 18 U.S.C. § 1014. (D.E. 26). His loss amount was 8M[2]. Mr. Hayford did not enter into a written plea agreement. He was sentenced to 24 months imprisonment. (D.E. 38).

*United States v. Jaafar*, 20-CR-00185-CMH, Eastern District of Virginia
Mr. Jaafar pled guilty to one count of conspiracy to defraud various financial institutions and the United States in violation of 18 U.S.C. § 371.(D.E. 34). His loss amount was 6.6 million dollars. (D.E. 36). His advisory guideline range was 24 to 30 months imprisonment. (D.E. 62). He was sentenced to 12 months imprisonment. (D.E. 67).

---

[1] Undersigned counsel obtained information from DOJ press releases at https://www.justice.gov/criminal/press-room. Undersigned recognizes that this list is not dispositive or complete, and is based on public information.
[2] Information from DOJ press release, https://www.justice.gov/usao-ndok/pr/arkansas-project-manager-sentenced-connection-covid-relief-fraud. Last accessed May 9, 2021.

For the foregoing reasons, Mr. Hines respectfully requests the Court impose a sentence at the low-end of the advisory guideline range.

                **Respectfully,**

                **MICHAEL CARUSO**
                **FEDERAL PUBLIC DEFENDER**

By:   */s/ Elizabeth Blair*
        Assistant Federal Public Defender
        Florida Bar No.: 106280
        150 W. Flagler Street, Suite 1700
        Miami, Florida 33130-1556
        Tel: (305) 530-7000
        Fax: (305) 536-4559
        E-mail: elizabeth_blair@fd.org

**CERTIFICATE OF SERVICE**

I HEREBY certify that on May 9, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ *Elizabeth Blair*