UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CR-20011-COOKE

UNITED STATES OF AMERICA

v.

DAVID TYLER HINES,

      Defendant.

**NOTICE ON FINAL FORFEITURE**

Pursuant to 21 U.S.C. § 853 and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States of America (the "United States"), by and through the undersigned Assistant United States Attorney, hereby files this Notice on Final Forfeiture:

1. On March 1, 2021, pursuant to 18 U.S.C. § 982(a)(2)(A), the Court entered a Preliminary Order of Forfeiture, ECF No. 45, forfeiting, subject to third-party interests, the following property to the United States (collectively, the "Property"):

   i. All funds held by Bank of America formerly on deposit in account number 898077556016 held in the name of Cash in Holdings LLC;

   ii. All funds held by Bank of America formerly on deposit in account number 898096330857 held in the name of Unified Relocation Solutions, LLC;

   iii. All funds held by Bank of America formerly on deposit in account number 898099756470 held in the name of Promaster Movers, Inc.;

   iv. All funds held by Bank of America formerly on deposit in account number 898105927423 held in the name of Unified Relocation Solutions LLC; and

   v. a 2020 Lamborghini Huracán with vin ZHWUF4ZF3LLA13255.

2. Notice of the criminal forfeiture was posted on an official government internet site (www.forfeiture.gov) for a period of 30 days. *See* Decl. of Publication, ECF No. 50; 21 U.S.C. § 853(n)(1); Fed. R. Crim. P. 32.2(b)(6).

3. Direct notice was sent to any person who reasonably appeared to be a potential claimant with standing to contest the forfeiture of the Property, or such person was on actual notice of the forfeiture. *See* Fed. R. Crim. P. 32.2(b)(6); *accord* 21 U.S.C. § 853(n)(1). *See* Exhibit A (Direct Notices and Delivery Confirmations).

4. The notice described the Property and advised that any person, other than the Defendant, asserting a legal interest in the Property may petition the Court for a hearing to adjudicate the validity of that person's alleged interest, within 60 days of the first day of publication or within 30 days of receipt of notice, whichever is earlier. Fed. R. Crim. P. 32.2(b)(6); 21 U.S.C. § 853(n)(2).

5. The time period for filing a petition claiming an interest in the Property has expired, and no petition or claim has been filed.

6. The Preliminary Order of Forfeiture stated that upon notice from the United States that no claims have been filed within 60 days of the first day of publication or within 30 days of receipt of notice, whichever is earlier, then the Preliminary Order of Forfeiture shall become a Final Order of Forfeiture and any duly authorized law enforcement official shall dispose of the Property in accordance with applicable law.

7. Accordingly, the Property is now finally forfeited, and all right, title, and interest in such Property is vested in the United States.

Respectfully submitted,

         JUAN ANTONIO GONZALEZ
         ACTING UNITED STATES ATTORNEY

By: */s/ Nicole Grosnoff*
   Nicole Grosnoff
   Assistant United States Attorney
   Court ID No. A5502029
   nicole.s.grosnoff@usdoj.gov
   U.S. Attorney's Office
   99 Northeast Fourth Street, 7th Floor
   Miami, Florida 33132-2111
   Telephone: (305) 961-9294
   Facsimile: (305) 536-4089